**FOR PUBLICATION**

**JUDICIAL COUNCIL**

**OF THE NINTH CIRCUIT**

| IN RE COMPLAINT OF | No. 12-90155 |
|---|---|
| **JUDICIAL MISCONDUCT** | **ORDER** |

**KOZINSKI**, Chief Judge:

Complainant alleges that a district judge improperly delegated the judicial power to a deputy clerk in his civil case. Complainant points to an order to show cause, which lists a variety of jurisdictional defects, some of which are marked with a check mark, and others which are not. The form also contains a narrative explanation of the defect and has "Deputy Clerk" typed in the signature line. Complainant infers that the order must have been issued by the deputy clerk without specific directions from the judge.

"[J]udges can have assistants who are not themselves judges" and those assistants may "advise and assist the real judge." Geras v. Lafayette Display Fixtures, Inc., 742 F.2d 1037, 1046–47 (7th Cir. 1984) (Posner, J., dissenting). Judges are free to give such assistants specific or general instructions and trust the assistants to perform the functions they've been assigned. For example, it is not an

impermissible delegation of judicial authority for the judge not to draft every word of an order or not to cite-check his own opinions. The key is that the subordinate is acting pursuant to instructions from, and under the supervision of, the judge, and that the judge exercises authority over the substantive disposition of the matters presented to him.

The order that the district court employed to help screen out jurisdictional defects early is not objectionable, even if the deputy clerk exercises some independent discretion in determining whether there is a likely deficiency. So long as the form is approved and adopted by the judge, and the deputy clerk is trained and supervised, the function of detecting possible defects in pleadings is sufficiently ministerial that it does not implicate the judicial function.

The clerk here did little more than point out possible problems to the parties, and give the party who may have committed the transgression an opportunity to explain why the perceived problem didn't exist, or correct the problem. The ultimate decision as to whether the pleading is defective, and what action to take if the defect is not corrected, was retained by the judge. Even assuming, then, that the deputy clerk acted on his own in filling out and filing the order to show cause—and there is no evidence that he did—this does not amount to misconduct. See 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(A), (D).

**DISMISSED**.